IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JACQUIZ MCBEE v. STATE OF TENNESSEE**

**Criminal Court for Knox County
Nos. 126737 and 131131**

_____

**No. E2026-00385-CCA-T10B-CO**

_____

**ORDER**

The Defendant, Jacquiz McBee, has filed a petition for recusal appeal seeking review of the Knox County Criminal Court's January 28, 2026 order denying his motion to recuse. *See* Tenn. Sup. Ct. R. 10B § 2.02. Following our review of the Defendant's petition, we have determined that a response from the State is not necessary and summarily deny relief.

Tennessee Supreme Court Rule 10B section 2.01 provides "an accelerated interlocutory appeal as of right" from "an order denying a motion for [a] judge's disqualification." Such an appeal is initiated by an appellant's filing a petition for recusal appeal within 21 days from the order denying the motion to recuse. *See id*. at § 2.02. Akin to an appellate brief, the petition must contain a statement of the issues, statement of facts, argument, and conclusion stating the relief sought. *See id*. at § 2.03. The petition must also "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." *Id*.

Concerning this court's review of a petition for recusal, Section 2.05 provides "[i]f the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." *Id*. at § 2.05. Furthermore, the rule provides that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review" and "may be made without oral argument." *Id*. at § 2.06.

At the outset, we observe that the Defendant filed the petition on March 16, 2026, challenging the trial court's January 28, 2026 order denying his motion to recuse. Thus, the petition was filed more than 21 days past the entry of the trial court's order. While the

Defendant is incarcerated, the envelope in which the petition was received by the appellate court clerk indicates that it was stamped on March 12, 2026, twenty-two days beyond the February 18, 2026 filing due date.   The burden is on the Defendant to establish that the petition was delivered to prison mail authorities within the time required.   Tenn. R. App. P. 20(g).   Nothing in the record before this court establishes that the petition was timely filed.

Furthermore, the Defendant failed to attach any of the required documents to his petition at the time of filing.   The trial court's order is absent from the attachments to the petition.    To be clear, none of the pleadings, orders, or transcripts of hearings related to these allegations are included in the petition for recusal appeal.   Thus, we conclude that the Defendant's petition for recusal appeal is insufficient because it was untimely filed and because no pleadings, orders, or other supporting documents have been provided from which this court could exercise its de novo review.   *Id*. at § 2.03.

Accordingly, the Defendant's petition for recusal appeal is not well-taken and is respectfully DENIED.   Because the Defendant has been determined to be indigent, the costs of this proceeding are taxed to the State of Tennessee.

JUDGE TOM GREENHOLTZ
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE JILL BARTEE AYERS